IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BOARD OF EDUCATION OF ANNE ARUNDEL COUNTY, | * | |
| Plaintiff | * | |
| | | Civil Action No. AMD 05-253 |
| v. | * | |
| WILLIAM CHARLES STEFFEY, et al., | * | |
| Defendants | * | |

MEMORANDUM OPINION

In this case, to the consternation of the local board of education, the parents of a special education student have been awarded reimbursement for their child's tuition at a non-public school for the 2002-2003 school year. The controversy arose when the Anne Arundel Country Public Schools (AACPS) proposed that the student transfer from his then placement at the Baltimore Lab School to a different non-public school, the High Road Academy. Concerned that the change of schools would be detrimental to their son's learning process, the parents, William and Jeanne Steffey, refused the new placement and re-enrolled their son in the Lab School. When AACPS refused to pay the tuition, the parents requested a hearing before an administrative law judge (ALJ) pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415, and the Maryland law providing for review of placement decisions for children with disabilities, Md. Code Ann., Educ. § 8-413. The Administrative Law Judge found that the parents appropriately placed the child at the Baltimore Lab School, and they were therefore entitled to reimbursement for the 2002-2003

school year. AACPS subsequently filed a compliant in this court, seeking to overturn that decision. The parties have filed cross-motions for summary judgment. They have thoroughly briefed their respective contentions and a hearing is not necessary. For the reasons explained below, AACPS's motion shall be denied and the parents' motion shall be granted.

I.

Under the IDEA, the court is to consider the factual findings of the ALJ as *prima facie* correct, so long as those findings are "regularly made." *Doyle v. Arlington County School Board*, 953 F.2d 100, 105 (4th Cir. 1992). If the court does not adopt the factual findings of the ALJ, it must explain its reasoning. *Id*. "The court's role in reviewing the administrative proceeding concerning IDEA 'is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities they review.'" *A.B. v. Lawson*, 354 F.3d 315, 325 (4th Cir. 2004) (quoting *Board of Education of the Hendrick Hudson Central School District v. Rowley*, 458 U.S. 176, 207 (1982)). Proper application of this standard requires that the decision of the ALJ be upheld.

II.

Plaintiff mounts several attacks on the decision of the ALJ, but all fail. Most prominently, the AACPS argues that the ALJ applied an incorrect burden of proof in making her decision. This, however, is not the case. Parents who challenge a student's Individualized Education Program (IEP) have the burden of proof. *Schaffer ex rel. Schaffer v. Weast*, – U.S. – , 126 S.Ct. 528 (2005). While it is true that the burden issue was somewhat in flux

at the time the ALJ made her decision,[1] the ALJ covered her bases when she stated "even if I were to assign the burden of proof in this matter to the Parents, the Parents have met that burden." ALJ Decision at 9.

That said, the ALJ correctly found that the parents met their burden of proof. In order for parents to obtain reimbursement, they must show that (1) the school system's proposed placement was inappropriate and (2) the placement favored by the parents was appropriate. *Carter v Florence Co.*, 950 F.2d 156, 164 (4th Cir. 1991), *aff'd*, 510 U.S. 7 (1993). Here, the ALJ had more than sufficient evidence to justify her ruling that AACPS's proposed placement at the High Road Academy was inappropriate. While the ALJ pointed out that there was nothing generally wrong with the quality of special education at High Road Academy, she noted that for the student, "a change of placement at this time would have been ill-advised and potentially harmful." ALJ Decision at 18. This finding of fact was sufficiently supported by the evidence presented at the hearing, including the testimony of the child's father and the principal of the Baltimore Lab School. I decline AACPS's request that I reweigh the evidence.

In addition, the ALJ correctly found that the Lab School could offer the student an appropriate education, as it had done the previous year. The plaintiff takes issue with the

---

[1] The Fourth Circuit had just considered the issue in *Weast v. Schaffer*, 377 F.3d 449 (4th Cir. 2004), a case that would later go to the Supreme Court.

fact that the Lab School was not a state-certified special education school.[2] However, *Carter* rejected the notion that parents cannot be reimbursed when they select a school that is not approved by the state. *Carter*, 510 U.S. at 11. The Court stated that "once a court holds that the public placement violated IDEA, it is authorized to 'grant such relief as the court determines is appropriate.'" *Id*. at 15 (quoting 20 U.S.C. § 1415(e)(2)).

AACPS also argues that the parents are not entitled to reimbursement because they did not give the school system sufficient notice of their rejection of the plaintiff's choice of placement. It is not debated that the IDEA has specific notice requirements. 20 U.S.C. 1412(a)(10)(C)(iii). However, the ALJ reasonably found that the parents had given the requisite notice. That finding was based on testimonial evidence presented at the hearing and circumstantial evidence indicating that the parents communicated their concerns at a May 30, 2002, IEP meeting. ALJ Decision at 10-11. This finding by the ALJ is unassailable.

Finally, in reaching my decision to sustain the ALJ's findings and conclusions, I emphasize that the scales of equity weigh firmly on the side of the parents. *See Carter*, 510 U.S. at 15-16 (noting the discretion courts have in fashioning equitable relief under the IDEA). Not only was the student in this case reimbursed for attending the Lab school in

---

[2] The Baltimore Lab School was subsequently certified for the 2003-2004 school year and beyond.

2001-2002,[3] but he was reimbursed for 2003-2004. The ALJ conducted due process hearing in respect to the 2002-2003 school year in mid-2004, and thus was aware of these facts. It is difficult to comprehend why AACPS would refuse to pay for the Lab School for the interim year, 2002-2003, when it would have paid a comparable amount that same year had the student attended the High Road Academy. Furthermore, as the ALJ noted, when examining the facts of the case, it is clear that the student had serious transition issues and that he was making substantial progress at the Lab School. Simply put, as the ALJ reasonably found and concluded, that was where he belonged.

### III.

For the reasons stated above, the defendants' motion for summary judgment shall be granted and the plaintiff's motion for summary judgment shall be denied. The parents shall be repaid the cost of tuition for sending their child to the Baltimore Lab School for the 2002-2003 school year. An order follows.

Filed: January 13, 2006

/s/
Andre M. Davis
United States District Judge

---

[3] The school system only agreed to fund the 2001-2002 school year at the Lab School as part of a settlement agreement with the parents